Susan Brown (SBN #287986)
susan@susanbrownlegal.com
SUSAN BROWN LEGAL SERVICES
447 Sutter St. Ste. 405 PMB 2
San Francisco, CA  94108
Telephone: (415) 712-3026

Additional counsel appear on signature page

*Attorneys for Plaintiff Eugene Mannacio and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE MANNACIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SOVEREIGN LENDING GROUP INCORPORATED<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Eugene Mannacio, by his undersigned counsel, for this class action complaint against Defendant Sovereign Lending Group Incorporated (hereinafter "Sovereign Lending" or "Defendant") and its present, former, and future direct and indirect parents, subsidiaries, affiliates, agents, and related entities, alleges as follows:

**I.     INTRODUCTION**

1.     <u>Nature of Action</u>: This case arises from Defendant's unsolicited telemarketing in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     The telemarketing targeted numbers listed on the National Do Not Call Registry ("NDNCR") and because telemarketing calls are sent *en masse* the Plaintiff files a putative class action complaint.

## II. PARTIES

3. Plaintiff Eugene Mannacio ("Plaintiff") is a natural person.

4. Plaintiff resides in Novato, California.

5. Sovereign Lending Capital is a corporation.

6. Sovereign Lending Capital's principal place of business is at 3540 Howard Way, Costa Mesa, CA 92626.

7. Sovereign Lending Capital does business in California, including in this District.

## III. JURISDICTION AND VENUE

8. <u>Jurisdiction</u>: This Court has federal-question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

9. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant because its principal place of business is in California and the telemarketing at issue targeted a California area code.

10. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the direction of the illegal telemarketing from Defendant's office—occurred in this District.

11. <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff's claims—namely, the illegal telemarketing occurred in Novato.

## IV. FACTS

**A. The Enactment of the TCPA and the FCC's Regulations Thereunder**

12. Enacted in 1991, the TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

13. <u>Do Not Call Registry</u>: The TCPA outlaws unsolicited telemarketing (robocalls or otherwise) to telephone numbers on the NDNCR. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

Encouraging people to hold telemarketers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(c)(5).

**B.     Factual Allegations Regarding Defendant**

14.     Sovereign Lending is a company that seeks mortgage and refinancing clients.

15.     To generate business, Sovereign Lending relies on telemarketing.

16.     Those telemarketing calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

**C.     Defendant's Unsolicited Telemarketing to Plaintiff**

17.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18.     Plaintiff owns and uses the telephone number 415-883-XXXX.

19.     Plaintiff's telephone number is used for residential purposes only and is not associated with a business.

20.     Plaintiff's telephone number has been listed on the NDNCR since 2003.

21.     Plaintiff has never done business with Sovereign Lending.

22.     Plaintiff has never consented to receive calls from Sovereign Lending.

23.     Despite these facts, beginning around October 10, 2021 Mr. Mannacio began to receive unsolicited telemarketing calls from Sovereign Lending Group.

24.     Mr. Mannacio estimates that he received at least five telephone calls from Sovereign Lending Group between October 10 and October 20, 2021.

25.     Mr. Mannacio ignored several calls or immediately hung up with the Sovereign Lending Group representative began the pitch.

26.     However, the calls continued.

27.     On or about, October 19, 2021, Mr. Mannacio received a call from (415) 757-4598.

28. Mr. Mannacio called the number back. The representative that answered the call explained that the telephone call he had received was from Sovereign Lending and they were calling to provide him with information regarding home refinancing.

29. Other individuals have complained about receiving calls from (415) 757-4598r. *See* https://www.reportedcalls.com/4157574598 (Last Visited November 15, 2021).

30. Other individuals have also complained about receiving calls from Sovereign Lending:

> I continue to be harassed by this company after I have repeatedly told them to stop calling me. On 9/11/2021 alone I received 5 phone calls. Two of which was after I told them yet again to not call me. There is a non-licensed person calling to solicit business for the company. Do not give them your contact information as they do not care about you saying do not call them. I made a mistake of refinancing my home with them. They are incompetent and extremely rude.
>
> *See* https://goo.gl/maps/Vb9qL7yEeez4EHcD7 (Last Visited November 15, 2021).
>
> I don't know how many times I have to communicate with them that I am not interested in refinancing my house. We haven't even lived here for a year, and every day I get bombarded with calls from them trying to get me to refinance after each time I told them I wasn't interested and to stop calling to which they responded we'll put you on a don't call list. But here we are, the next day, I'm getting a call from them once again. So much for those "recorded lines for training purposes." They'll just harass you each and every day.
>
> *See* https://goo.gl/maps/Vb9qL7yEeez4EHcD7 (Last Visited November 15, 2021).

31. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

## V. CLASS ACTION ALLEGATIONS

32. <u>Class Definition</u>: Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of a class defined as follows:

> All persons in the United States to whom: (a) Defendant and/or a third party acting on Defendant's behalf made more than one call advertising its goods or services; (b) within a 12-month period; (c) to a residential telephone number; (d) that was listed on the National Do Not Call Registry for at least 31 days; (e) between the date four years before the filing of the original complaint in this case and the first day of trial.

This is referred to as the "Class."

33. Plaintiff is a member and proposed representative of the Class.

34. <u>Exclusions</u>: Excluded from the Class are Defendant, any entity in which any of Defendant has a controlling interest or that has a controlling interest in any of Defendant, Defendant' legal representatives, assignees, and successors, the judges to whom this case is assigned and the employees and immediate family members of all of the foregoing.

35. <u>Numerosity</u>: The Class is so numerous that joinder of all its members is impracticable as telemarketing campaigns are typically conducted *en masse*.

36. <u>Commonality</u>: There are many questions of law and fact common to Plaintiff and class members makes this dispute amenable to classwide resolution. These common questions of law and fact include, but are not limited to, the following:

    a. whether the calls were dialed were solicitations;

    b. whether Defendant's desire to sell its services constitutes an "emergency" within the meaning of the TCPA;

    c. whether Defendant is in the United States;

    d. whether Defendant had a pattern and practice of failing to obtain prior express written consent from people to whom they directed telemarketing;

    e. whether Defendant had a pattern and practice of failing to remove numbers on the NDNCR from their telemarketing lists;

    f. whether Defendant's violations of the TCPA were knowing or willful; and

    g. whether Defendant should be enjoined from continuing to telemarket to people in violation of the TCPA.

37. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same automated telemarketing by Defendant and seek the same legal and equitable remedies.

38. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable counsel experienced in TCPA class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. The interests of Plaintiff and his counsel are aligned with those of the proposed class.

39. <u>Superiority</u>: The foregoing common issues predominate over any individual issues, making a class action the superior means of resolution. Adjudication of these common issues in a single action has important advantages, including judicial economy, efficiency for class members, and classwide *res judicata* for Defendant. Classwide relief is essential to compel Defendant to comply with the TCPA.

40. <u>Appropriateness</u>: Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief appropriate on a classwide basis.

**VI.    FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Class)**

41. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

44. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one phone call in a 12-month period by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class are entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

45. Plaintiff is also entitled to an injunction under the TCPA and seeks to enjoin the Defendant from making telemarketing calls to numbers on the National Do Not Call Registry.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all class members, prays for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein violate the TCPA;

E. An order enjoining Defendant from making telemarketing calls to numbers on the National Do Not Call Registry;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. Leave to amend this complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VIII. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

## IX. SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

RESPECTFULLY SUBMITTED AND DATED on November 23, 2021.

By: */s/ Susan Brown*

Susan Brown
susan@susanbrownlegal.com
SUSAN BROWN LEGAL SERVICES
447 Sutter St. Ste. 405 PMB 2
San Francisco, CA 94108
Telephone: (415) 712-3026

Anthony I. Paronich, *Subject to Admission Pro Hac Vice*
anthony@bparonichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*